IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| AIMEE T.,[1]<br><br>   Plaintiff,<br> v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>   Defendant. | Case No.: 2:23-cv-01954-AN<br><br>OPINION AND ORDER |

   Aimee T. ("Plaintiff") brings this action seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Court has jurisdiction over Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons explained below, the Court affirms the Commissioner's decision.

## BACKGROUND

**I. Plaintiff's Application**

   Plaintiff was born on August 22, 1969, making her 38 years old on her alleged onset date of October 2, 2007. Tr. 67. Plaintiff has a high school education, with one year of college, and has no past relevant work. Tr. 25-26, 253. In her application, Plaintiff alleges disability due to "COPD, ankylosis spondylitis, fibromyalgia, Crohn's disease, carpal tunnel, scoliosis, chronic pain, mobility issues, hepatitis C, pinched nerve in neck b/c of degenerative disc." Tr. 68.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

The Commissioner denied Plaintiff's applications initially and upon reconsideration. Tr. 85, 96. On February 8, 2023, Plaintiff appeared with counsel for a hearing before Administrative Law Judge ("ALJ") Lori Freund. Tr. 34-66. On March 1, 2023, the ALJ issued a written opinion, finding Plaintiff not disabled. Tr. 15-29. The Appeals Council remanded denied review. Tr. 1-6. Plaintiff now seeks judicial review of the ALJ's final decision.

## II.     Sequential Disability Evaluation

The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step sequential procedure. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the burden for steps one through four, and then the burden shifts to the Commissioner at step five. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

The five-step evaluation requires the ALJ to determine: (1) whether a claimant is "doing substantial gainful [work] activity"; (2) whether the claimant has a "medically determinable physical or mental impairment" or combination of impairments that is severe and either lasts at least a year or can be expected to result in death; (3) whether the severity of the claimant's impairments meets or equals one of the various impairments specifically listed by Commissioner; (4) whether the claimant's residual functional capacity ("RFC") allows the claimant to perform her past relevant work; and (5) whether, given the claimant's RFC, age, education, and work experience, the claimant can make an adjustment to other work that "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1520(a), 416.920(a).

## III.     The ALJ's Decision

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 31, 2020, the application date. Tr. 17. At step two, the ALJ determined that Plaintiff suffered from the following severe, medically determinable impairments: chronic obstructive pulmonary disease ("COPD"), degenerative disc disease, of the cervical and lumbar spine, ankylosing spondylitis, fibromyalgia, bilateral carpal tunnel syndrome, unspecified depressive disorder, and unspecified anxiety disorder. *Id.* At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a listed impairment. Tr. 19. The ALJ then concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> [S]he can never climb ladders, ropes or scaffolds or crawl and occasionally climb ramps and stairs, balance, stoop, kneel, and crouch. She can frequently handle, finger, and feel bilaterally. She must avoid all exposure to unprotected heights and moving mechanical parts. She must avoid concentrated exposure to extreme cold, extreme heat, excessive vibration, humidity, and wetness. She must avoid even moderate exposure to airborne particles such as fumes, odors, dusts, gases, etc. She is limited to simple and repetitive tasks with some detail but nothing complex. She could handle occasional changes in work setting.

Tr. 22. At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 27. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as Marker (DOT# 209.578-034), a light level occupation with an SVP of 2 and 131,000 jobs available; Router (DOT# 222.587-038), a light level occupation with an SCP of 2 and 31,000 jobs available; and Advertising Material Distributor (DOT# 230.687-010), a light level occupation with 17,000 jobs available. Tr. 28. Therefore, the ALJ concluded that Plaintiff is not disabled. Tr. 29.

## STANDARD OF REVIEW

The district court may set aside the Commissioner's denial of benefits only if the ALJ's findings are "'not supported by substantial evidence or is based in legal error.'" *Bray v.*

*Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). The district court "cannot affirm the [ALJ's] decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record. *Id.* Where the record as a whole can support either the grant or denial of benefits, the district court "'may not substitute [its] judgment for the ALJ's.'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## DISCUSSION

Plaintiff argues only that the ALJ erred by improperly rejecting the medical opinions of the state agency psychological consultants Susan M. South, Psy.D., and Benjamin G. Kessler, Psy.D.

### I.    Medical Opinions

Plaintiff alleges that the ALJ failed to properly discount the medical opinions of Susan M. South, Psy.D., and Benjamin G. Kessler, Psy.D. as it relates to their finding that Plaintiff should be restricted to simple one- to two-step tasks. Pl.'s Opening Br. 6-7, ECF 8. The aforementioned psychological consultants produced medical opinions as part of Plaintiff's initial application and upon reconsideration. Tr. 81-83, 94-95.

#### A.    Legal standards

For disability claims filed on or after March 27, 2017, new regulations for

evaluating medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Opinion Evidence (Revisions to Rules)*, 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68 (Jan 18, 2017). Under those revised regulations, the ALJ no longer "weighs" medical opinions but instead determines which are most "persuasive." 20 C.F.R. §§ 404.1520c(a). The new regulations eliminate the hierarchy of medical opinions and state that the agency does not defer to any particular medical opinions, even those from treating sources. *Id.*; *see also Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."). Under the new regulations, the ALJ primarily considers the "supportability" and "consistency" of the opinions in determining whether an opinion is persuasive. 20 C.F.R. § 404.1520c(c). Supportability is determined by whether the medical source presents explanations and objective medical evidence to support their opinions. *Id.* § 404.1520c(c)(1). Consistency is determined by how consistent the opinion is with evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2).

  An ALJ may also consider a medical source's relationship with the claimant by looking at factors such as the length, purpose, or extent of the treatment relationship, the frequency of the claimant's examinations, and whether there is an examining relationship. *Id.* § 404.1520c(c)(3). An ALJ is not, however, required to explain how she considered those secondary medical factors unless she finds that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *Id.* § 404.1520c(b)(2)- (3).

  The regulations require ALJs to "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency

factors." *Id.* § 404.1520c(c)(b). The court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g); *Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."). *Id.*

### B.  Susan M. South, Psy.D., and Benjamin G. Kessler, Psy.D.[2]

Plaintiff argues that the ALJ improperly discredited the opinion of Drs. South and Kessler regarding Plaintiff's limitation to one- or two-step tasks. The ALJ found that their opinion was only partially persuasive, rejecting a limitation to only simple one- to two-step tasks and finding that Plaintiff is capable of simple and repetitive tasks with some detail. Tr. 27.

Drs. South and Kessler provided medical evaluations as part of Plaintiff's initial application and upon reconsideration, respectively. Tr. 81-83, 94-95. Both found that Plaintiff was not significantly limited in her ability to carry out very short and simple instructions, nor was she significantly limited in her ability to carry out detailed instructions. Tr. 82, 95. Both also stated that Plaintiff is capable of maintaining attention and concentration for simple one- to two-step tasks. Tr. 83, 95.

The ALJ discounted the strict limitation to one- or two-step tasks because it was inconsistent with the medical evidence. Tr. 20-21, 27. For example, Plaintiff's medical records show that she had grossly normal findings on mental status exams. *See* Tr. 378, 382, 385, 404, 527, 580. In the only formal mental status exam, given in the form of a mini mental health exam, she scored a 30/30, with intact long- and short-term memory, normal thought content and form, adequate insight, good judgment, and average intellectual functioning, although it was also noted

---

[2] The medical opinions of the psychological consultants are the same and are therefore being evaluated as a single, concurring opinion. *See* Tr. 81-83, 94-95.

that she had mild difficulty with concentration, likely due to depression. Tr. 423-24. Plaintiff also stated she is good at following both written and spoken instructions, and that she can pay attention "for as long as needed." Tr. 264.

Plaintiff argues that the evidence is inadequate because the evidence comes from three gynecological appointments, a neurologic evaluation, an appointment to schedule an endoscopy, and a musculoskeletal examination. Pl.'s Opening Br. 7-8, ECF 8. Plaintiff also argues that only her primary care provider, Tara Palmer, FNP, directly addressed her mental health, and that although Plaintiff had normal mental status findings, Palmer's doubling of Plaintiff's dosage for her anxiety medication and mental health diagnostic testing in which Plaintiff's scores indicated moderately severe depression and severe anxiety showed that Palmer had "concerns." Pl.'s Opening Br. 7-8, ECF 8. Plaintiff's argument is unavailing.

Plaintiff has not demonstrated why the findings of other medical professionals regarding her mental health should be discounted. While Plaintiff may have gone to certain appointments for other medical issues, their evaluations of her mental status cannot simply be rejected on that basis alone as they are not incapable of assessing Plaintiff based on their clinical observations. As for Palmer, she was not the only medical provider to directly address Plaintiff's mental health. Arguably, Dr. Henderson was the only medical provider to directly address Plaintiff's mental health as he provided the most comprehensive evaluation of Plaintiff's mental health and noted grossly normal findings with only a mild difficulty concentrating. *See* Tr. 423-24. In contrast, Palmer also noted grossly normal findings, but her notes provided no further insight, and certainly raised no "concerns." Tr. 378-79. Plaintiff's argument regarding her mental health diagnostic scores showing moderately severe depression and severe anxiety is redundant, as they do nothing more than establish that Plaintiff's severe medically determinable

impairments include depression and anxiety, as noted by the ALJ. Tr. 17.

Plaintiff's final argument is that routine and conservative treatment is not a valid reason to reject the one- to two-step instruction limitation because "the only citation to a mental health treatment record is a new patient medication review in which [Plaintiff's] primary care practitioner doubled her anxiety medication." Pl.'s Opening Br. 8-9, ECF 8. Plaintiff furthers her argument by citing to *Nguyen v. Chater*, in which the Ninth Circuit found that "it is common knowledge that depression is one of the most underreported illnesses in the country because those afflicted often do not recognize that their condition reflects a potentially serious mental illness." 100 F.3d 1462, 1465 (9th Cir. 1996). First, it is unclear how doubling Plaintiff's medication would not be considered routine and conservative treatment. Second, Plaintiff's reliance on *Nguyen* is misplaced, as Plaintiff was aware of her depression, and she was seeking treatment in the form of medication management.

Based on the overall medical record, the ALJ did not err in rejecting a limitation to only simple one- to two-step tasks.

## CONCLUSION

For the reasons set forth in this opinion, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 19th day of February, 2025.

Adrienne Nelson
United States District Judge